IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID BRAXTON | : | |
|     Petitioner | : | |
| v | : | Civil Action No. AW-06-1829 |
| NANCY L. ROUSE, et al. | : | |
|     Respondents | : | |

**MEMORANDUM**

The above-captioned application for habeas corpus relief, dated July 7, 2006, was received for filing on July 18, 2006. The Court has considered Respondents' Limited Response. (Paper No. 5).[1] For the reasons that follow, the Petition will be denied and dismissed as time-barred.

**Procedural History**

Petitioner seeks to challenge his 1996 convictions and 1997 sentences for possession with intent to distribute cocaine and possession of cocaine obtained in the Circuit Court for Baltimore City.[2] (Paper No. 5, Exhibits 1 and 2). The convictions were affirmed by the Court of Special Appeals of Maryland, which issued its mandate on December 15, 1997. (*Id*., Exhibit 3). Petitioner did not seek a writ of certiorari before the Court of Appeals of Maryland within fifteen days from the date of the mandate and, accordingly, his convictions became final on December 30, 1997. *See* Md. Rule 8-302 (petition for writ of certiorari to be filed within fifteen days of

---

[1] Although given an opportunity to explain why his petition should be considered timely filed, *see* Paper No. 6, Petitioner has failed to respond.

[2] Petitioner was sentenced on February 18, 1997, to forty years incarceration pursuant to Maryland's subsequent offender statute, Md. Code Ann., Art. 27, § 286 (1997 Repl. Vol.). *Id*.

issuance of Court of Special Appeals mandate).

On April 22, 1998, Petitioner initiated post-conviction proceedings. (*Id.*, Exhibit 4). Relief was denied by the Circuit Court on April 8, 1999. (*Id.*). A timely application for leave to appeal the denial of post-conviction relief was denied by the Court of Special Appeals on January 11, 2000.[3] (*Id.*, Exhibit 5).

## Legal Analysis

In an effort to curb lengthy delays in filing federal habeas corpus petitions while preserving the availability of review when a prisoner diligently pursues state remedies and applies for federal habeas review in a timely manner, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. The AEDPA has substantively modified the scope and context of federal habeas corpus review of challenges to state court convictions. Among the changes made by this law was the addition of a one-year statute of limitations in non-capital cases for persons convicted in a state court. *See* 28 U.S.C. §2244(d).[4]

---

[3] The mandate issued February 11, 2000. *Id.*

[4] This section provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

Petitioner's state court proceedings became final on December 30, 1997. The limitations period began to run on December 31, 1997. Petitioner allowed more than three and one-half months to lapse before seeking post-conviction relief on April 22, 1998. After post-conviction relief was finally denied on January 11, 2000, Petitioner waited an additional six and one-half years -- until July 7, 2006 -- before seeking federal habeas corpus review.

Petitioner provides no information as to why he is entitled to tolling of the limitations period. Plainly, the Petition is time-barred. It shall be dismissed by way of a separately filed Order.

Date: November 7, 2006

                                              /s/
                                    Alexander Williams, Jr.
                                    United States District Judge

---

by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.